IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------X
:
MELISSA KRAKOWIECKI and :
MATTHEW KRAKOWIECKI, :
:
      Plaintiff, :       CIVIL DIVISION
:
v. :       Case No.:   2:22-cv-518
:
CHARLES CHRISTIAN WALKER, a/k/a :       COMPLAINT
CHARLES C. WALKER, a/k/a :       (28 U.S.C. § 1332;
CHARLES WALKER, and SEWING :       Diversity of Citizenship)
COLLECTION INC., a/k/a SCI, a/k/a :
SEWING COLLECTION CO., INC., :       JURY TRIAL DEMANDED
a/k/a SEWING COLLECTION :
COMPANY, :
:
      Defendants. :
---------------------------------------------------------X

## THE PARTIES

1. The plaintiffs are Melissa Krakowiecki and Mathew Krakowiecki (hereinafter "Plaintiffs"), husband and wife, who reside at 94 Hickory Street, Edison, New Jersey 08817.

2. Defendant, Charles Christian Walker, a/k/a Charles C. Walker, a/k/a Charles Walker (hereinafter "Charles Walker") is an individual with an address of 4666 Belvedere Park, Columbus, Ohio 43228.

3. Defendant, Sewing Collection Inc., a/k/a SCI, a/k/a Sewing Collection Co., Inc., a/k/a Sewing Collection Company (hereinafter "Sewing Collection Inc."), is a corporation with an address of 3113 East 26th Street, Vernon, California 90058.

## DIVERSITY JURISDICTION

4. Plaintiffs are both citizens of the State of New Jersey.

5. Defendant, Charles Walker is a citizen of the State of Ohio.

#13032853.1

6. Defendant, Sewing Collection Inc. is a citizen of the State of California, where it is incorporated and where it has its principal place of business.

7. There is complete diversity of citizenship between the Plaintiffs and the Defendants as required by 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

8. The amount in controversy is in excess of $75,000 as each Plaintiff seeks compensation for serious and permanent personal injuries as set forth in the statement of claim bellow, as well as other non-economic and economic damages, which in the aggregate are in excess of $75,000 for each Plaintiff.

## PERSONAL JURISDICTION AND VENUE

9. The subject motor vehicle accident, which gave rise to this action, occurred on October 21, 2020, at approximately 5:16 p.m., on Interstate Route 70 (Eastbound) at or near mile marker 47.6 on the "Matthew Smelser Memorial Bridge," in South Huntingdon Township, County of Westmoreland and Commonwealth of Pennsylvania.

10. At all times relevant hereto, Defendant, Charles Walker was an employee and agent of Defendant Sewing Collection Inc. and was operating a 2016 International Harvester Tractor Trailer ("Tractor Trailer") owned by Defendant Sewing Collection Inc., with the permission and within the course and scope of his employment and agency with Defendant Sewing Collection Inc.

11. In addition, Defendant, Sewing Collection Inc. conducts business in and throughout the Commonwealth of Pennsylvania.

## COUNT I

12. On October 21, 2020, at approximately 5:16 p.m., Plaintiff, Matthew Krakowiecki, was lawfully operating a motor vehicle (a Nissan Altima, hereinafter "the

Krakowiecki vehicle") on I-70 Eastbound, in the left lane, at or near mile marker 47.6 on the "Matthew Smelser Memorial Bridge." In this section of the highway, I-70 had two (2) lanes of travel in each direction divided by a longitudinal concrete barrier. The eastbound portion had two lanes divided by a dashed white line.

13. At the same time, Plaintiff, Melissa Krakowiecki was a front-seat passenger in the motor vehicle lawfully operated by Plaintiff, Matthew Krakowiecki.

14. Due to a backup of traffic caused by causes unknown at the time, Matthew Krakowiecki brought the Krakowiecki vehicle to a complete stop in the left lane of travel.

15. Defendant Charles Walker was behind the Plaintiffs and was operating the Tractor Trailer eastbound on Interstate Route 70. The Tractor Trailer being driven by Defendant Charles Walker had a gross weight in excess of 52,000 pounds.

16. Defendant Charles Walker had a clear and unobstructed view of the stopped vehicles, including the Krakowiecki vehicle, for a distance of approximately one mile.

17. The posted speed limit in that area of Interstate Route 70 was 55 miles per hour.

18. The area of Interstate Route 70 at issue in this lawsuit was in the advanced warning area of the construction zone for Exit 51.

19. Despite having a clear and unobstructed view of the stopped vehicles in front of him, including the Krakowiecki vehicle, Defendant Charles Walker continued to drive the Tractor Trailer directly at the stopped vehicles at a speed in excess of the speed limit without slowing down.

20. As Defendant Charles Walker drove the Tractor Trailer towards the stopped vehicles without slowing down, Plaintiff, Matthew Krakowiecki, saw the Tractor Trailer approaching the rear of the Krakowiecki vehicle at a high speed. In an attempt to avoid being hit

by the speeding Tractor Trailer, Mr. Krakowiecki began to turn to go into the right-hand lane. As Mr. Krakowiecki was turning, the Krakowiecki vehicle was violently struck in the rear by the speeding Tractor Trailer.

21. Despite the attempted evasive action taken by Mr. Krakowiecki, the Tractor Trailer driven by Defendant Charles Walker violently struck the rear of the Krakowiecki vehicle causing it to spin out of control and come to rest in the right-hand lane of Interstate Route 70.

22. It is believed and therefore averred that at the time of impact with the Krakowiecki vehicle, the Tractor Trailer driven by Defendant Charles Walker was traveling at a speed of approximately 62 miles per hour.

23. At all times relevant herein, including the time of the subject accident, the Tractor Trailer driven by Defendant Charles Walker was owned and under the control, custody, maintenance, and supervision of his employer, Defendant Sewing Collection Inc.

24. At all times relevant herein, including the time of the subject accident, Defendant Charles Walker was driving the 2016 International Tractor Trailer in the course and scope of his employment / agency with Defendant Sewing Collection Inc. and/or was acting within the authority granted to him by the Defendant Sewing Collection Inc.

25. The subject motor vehicle accident and the consequent damages suffered by the Plaintiffs, Melissa Krakowiecki and Matthew Krakowiecki, were caused by the sole and proximate negligence, carelessness, recklessness and/or wanton conduct of Defendant, Charles Walker, while acting in the course and scope of his employment / agency with Defendant Sewing Collection Inc. and/or while acting within the authority granted to him by the Defendant Sewing Collection Inc., in some or all of the following particulars, which are not intended to be exhaustive:

a. In violating Section 2705 of the Pennsylvania Crimes Code entitled "Recklessly Endangering Another Person;"

b. In violating Section 3736 of the Pennsylvania Motor Vehicle Code entitled "Reckless Driving;"

c. In violating Section 3362 of the Pennsylvania Motor Vehicle Code entitled "Exceeding Maximum Speed;"

d. In violating Section 3361 of the Pennsylvania Motor Vehicle Code entitled "Driving at Safe Speed;"

e. In violating Section 3714 of the Pennsylvania Motor Vehicle Code entitled "Careless Driving;"

f. In violating Section 3310 of the Pennsylvania Motor Vehicle Code entitled Follow Too Closely;

g. In operating the Tractor Trailer at an excessive rate of speed under the circumstances;

h. In operating the Tractor Trailer at an excessive rate of speed in light of the size and weight of the Tractor Trailer;

i. In failing to have the Tractor Trailer under proper control;

j. In failing to keep a proper lookout for vehicles on the roadway in front of him, including the Krakowiecki vehicle;

k. In failing to have the Tractor Trailer under proper control when approaching traffic ahead of said vehicle;

l. In operating the Tractor Trailer in a manner and in such an excessive speed so as to be unable to stop within the assured clear distance ahead;

m. In failing to allow an adequate stopping distance in light of the conditions then and there existing;

n. In operating the Tractor Trailer in such a reckless, careless, negligent and/or wanton manner so as to cause it to collide with the rear of the Krakowiecki vehicle while traveling at a speed of or in excess of 62 miles per hour;

o. In failing to stop or turn aside the Tractor Trailer or take other appropriate evasive action so as to avoid the collision between the Tractor Trailer and the Krakowiecki vehicle;

      p.      In failing to properly and timely operate the brakes of the Tractor Trailer he was operating so as to bring it to a safe stop prior to striking the rear of the Krakowiecki vehicle;

      q.      In operating the Tractor Trailer while experiencing fatigue or other cause which impaired Defendant Charles Walker's ability to safely operate said vehicle;

      r.      In failing to adhere to rest requirements for operation of a vehicle such as the Tractor Trailer;

      s.      In operating the Tractor Trailer at a time when Defendant Charles Walker was physically or mentally unfit to safely operate said vehicle;

      t.      In failing to properly, promptly, and adequately operate the brakes and braking mechanism on the Tractor Trailer;

      u.      In failing to properly inspect the Tractor Trailer he was operating to ensure that it could be driven safely and that it was in proper working and mechanical condition; and/or

      v.      In operating the Tractor Trailer at a time when he caused or allowed himself to be distracted from paying attention to the roadway, traffic conditions and other vehicles thereby endangering the safety of other motorists including Plaintiffs, Melissa and Matthew Krakowiecki

26. Defendant Sewing Collection Inc., as the employer of Defendant Charles Walker, is vicariously liable for all damages caused by and recoverable in this action against its employee, Defendant Charles Walker.

27. As a result of the subject motor vehicle accident, Plaintiff, Melissa Krakowiecki, suffered the following serious and permanent injuries to her left upper extremity, including shoulder and elbow, underwent (in part) the following surgical treatment to date, and has suffered other non-economic and economic damages outlined below:

      a.      Left shoulder – severely comminuted, displaced / complex left proximal humerus fracture, as well as extensive avulsion of the rotator cuff;

      b.      Left shoulder - open reduction internal fixation of the left proximal humerus (with plate fixation of the fracture) with suture repair of extensive rotator cuff avulsion, performed at University of Pittsburgh Medical Center, where Melissa Krakowiecki was admitted from October 21 through October 27, 2020;

    c.    Left shoulder permanent scar – approximately 25 cm over the anterior aspect of the shoulder and upper arm;

    d.    Left elbow – displaced fracture of the left elbow medial epicondyle with a displaced fragment;

    e.    Left elbow – open reduction internal fixation of a left epicondylar fracture with screw fixation, performed on or about November 7, 2020;

    f.    Left elbow – left ulnar nerve decompression and submuscular transposition, performed on or about May 20, 2021; the surgery confirmed severe scar formation at the elbow compressing the ulnar nerve;

    g.    Left elbow permanent scar – approximately 10 cm over the medial aspect of the left elbow;

    h.    Complex regional pain syndrome of the left upper extremity, which required multiple stellate ganglion nerve blocks, performed in or around August through November of 2021;

    i.    Complex regional pain syndrome of the left upper extremity, which required permanent implantation of a spinal cord stimulator, performed on or about February 1, 2022;

    j.    Mid - Lumbar Spine Permanent Scars (as a result of the implementation of the spinal cord stimulator);

    k.    Plaintiff's medical treatment is ongoing and further future treatment is anticipated;

    l.    Emotional and other injuries;

    m.    Past and future medical expenses for medically necessary treatment causally related to the aforementioned injuries suffered in the subject motor vehicle accident;

    n.    Past and future lost wages and diminution in earning capacity; and

    o.    Other injuries and damages that may yet occur.

28.    The aforementioned conduct of Defendant Charles Walker, as set forth above, perpetrated while acting in the course and scope of his employment / agency with Defendant Sewing Collection Inc., was so reckless and/or wanton so as to justify an award of punitive damages against Defendant Charles Walker and his employer Defendant Sewing Collection Inc.

WHEREFORE, Plaintiff, Melissa Krakowiecki demands judgment against Defendants Charles Walker and Sewing Collection Inc. for compensatory damages in excess of $75,000, as well as for punitive damages.

## COUNT II

29. Plaintiffs incorporate herein by reference all of the aforementioned paragraphs with the same force and effect as though herein set forth at length.

30. As a result of the subject accident, Plaintiff, Matthew Krakowiecki, suffered the following serious and permanent injuries to his cervical, thoracic and lumbar spine, underwent (in part) the following surgical treatment to date, and has suffered other non-economic and economic damages outlined below:

    a.    C5-6 shallow disc herniation;

    b.    Traumatic T11 compression fracture;

    c.    L4-5 and L5-S1 disc herniations with associated annular tears;

    d.    Cervical and Lumbar Radiculopathy;

    e.    Kyphoplasty at T11 with introduction of a spine jack via a bipedicular approach; performed on or about March 2, 2021;

    f.    Diagnostic block of the bilateral T12, L1, L2 and L3 medial branches; performed on or about May 27, 2021;

    g.    Confirmatory diagnostic block of the bilateral T12, L1, L2 and L3 medial branches; performed on or about July 22, 2021;

    h.    Posterior lumbar neurotomy left T12, L1, L2 and L3 medial branches; performed on or about July 30, 2021;

    i.    Posterior lumbar neurotomy left T12, L1, L2 and L3 medial branches; performed on or about September 3, 2021;

    j.    Caudal epidural steroid injection; performed by on or about October 28, 2021;

    k.    Permanent scars on his back as a result of the interventional / surgical procedures performed to date;

  l.  Fractures of the left 5th, 6th and 7th ribs;

  m.  Posttraumatic headaches;

  n.  Plaintiff's medical treatment is ongoing and further future treatment is anticipated;

  o.  Emotional and other injuries;

  p.  Past and future medical expenses for medically necessary treatment causally related to the aforementioned injuries suffered in the subject motor vehicle accident;

  q.  Reduction in the ability to perform household services, resulting in past and future economic loss of household services; and

  r.  Other injuries and damages that may yet occur.

31. The aforementioned conduct of Defendant Charles Walker, as set forth above, perpetrated while acting in the course and scope of his employment / agency with Defendant Sewing Collection Inc., was so reckless and/or wanton so as to justify an award of punitive damages against Defendant Charles Walker and his employer Defendant Sewing Collection Inc.

  WHEREFORE, Plaintiff, Matthew Krakowiecki demands judgment against Defendants Charles Walker and Sewing Collection Inc. for compensatory damages in excess of $75,000, as well as for punitive damages.

## COUNT III

32. Plaintiffs incorporate herein by reference all of the aforementioned paragraphs with the same force and effect as though herein set forth at length.

33. In addition to bearing responsibility and vicarious liability for the conduct of its employee Defendant Charles Walker as set forth above, Defendant Sewing Collection Inc. further contributed to the subject motor vehicle accident and the consequent damages to Plaintiffs, Melissa and Matthew Krakowiecki, in some or all of the following particulars, which are not intended to be exhaustive:

    a.      In entrusting its Tractor Trailer to the care, custody, and control of Defendant Charles Walker when it knew, or should have known, that he did not possess the requisite skills, training, or capacity to safely operate its Tractor Trailer;

    b.      In entrusting its Tractor Trailer to the care, custody, and control of the Defendant Charles Walker when it knew, or should have known, that his operation of the vehicle posed an unreasonable risk of harm to other motorists including the Plaintiffs;

    c.      In failing to properly train Defendant Charles Walker in appropriate safety protocols required of an individual operating a Tractor Trailer, thereby creating an unreasonable risk of harm to other motorists including the Plaintiffs;

    d.      In failing to adequately and reasonably supervise and monitor the conduct and driving of Defendant Charles Walker, thereby creating an unreasonable risk of harm to other motorists including the Plaintiffs;

    e.      In failing to properly inspect and maintain the Tractor Trailer involved in the accident at issue;

    f.      In permitting the Defendant Charles Walker to operate the Tractor Trailer at a time when he was physically or mentally incapable of safely operating the vehicle;

    g.      In failing to otherwise adequately monitor the manner in which the Defendant Charles Walker was operating the Tractor Trailer it had entrusted to him so as to ensure the safety of other drivers including the Plaintiffs;

    h.      In failing to properly and regularly test the driving skills of Defendant Charles Walker to whom it had entrusted its Tractor Trailer, thereby creating an unreasonable risk of harm to other motorists including the Plaintiffs;

    i.      In failing to provide Defendant Charles Walker with reasonable and appropriate driver education and safety training prior to entrusting him to operate its Tractor Trailer;

    j.      In failing to adequately and regularly test Defendant Charles Walker's understanding of and adherence to proper safety measures required to safely operate the Tractor Trailer it entrusted to him, thereby creating an unreasonable risk of harm to other motorists including the Plaintiffs;

    k.      In otherwise failing to take reasonable and prudent steps to make sure that Defendant Charles Walker operated the Tractor Trailer it entrusted to him in a safe, lawful, and reasonable manner. By failing to do so, it created an

      unreasonable risk of harm to other motorists including the Plaintiffs; and/or

l.     In otherwise failing to properly supervise and control the conduct of Defendant Charles Walker, to whom it had entrusted it Tractor Trailer vehicle thereby creating an unreasonable risk of harm to other motorists including the Plaintiffs.

WHEREFORE, Plaintiffs, Melissa Krakowiecki and Matthew Krakowiecki demand judgment against Defendants Charles Walker and Sewing Collection Inc. for compensatory and punitive damages in excess of $75,000.

### A TRIAL BY JURY IS HEREBY DEMANDED

Respectfully submitted,

**TUCKER ARENSBERG, P.C.**

By: /s/ *Gary Hunt, Esq.*
Gary Hunt, Esq. (PA ID No. 23556)
1500 One PPG Place
Pittsburgh, PA 15222
(412) 594-1212
ghunt@tuckerlaw.com
Counsel for Plaintiffs,
Melissa and Matthew Krakowiecki

**WILENTZ GOLDMAN & SPITZER, P.A.**

By: /s/ *Daniel S. Bernheim, Esq.*
Daniel S. Bernheim, Esq. (PA ID No. 32736)
Two Penn Center Plaza, Suite 910
Philadelphia, PA 19102
(215) 940-4000
dbernheim@wilentz.com
Counsel for Plaintiffs,
Melissa and Matthew Krakowiecki

Dated: April 4, 2022

#13032853.1