IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELISSA KRAKOWIECKI and** ) | |
| **MATTHEW KRAKOWIECKI** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:22-cv-00518 |
| ) | **Electronic Filing** |
| **CHARLES CHRISTIAN WALKER,** ) | |
| a/k/a **CHARLES C. WALKER**, a/k/a ) | |
| **CHARLES WALKER, and SEWING** ) | |
| **COLLECTION INC., a/k/a SCI,** a/k/a, ) | |
| **SEWING COLLECTION CO.,** INC., ) | |
| a/k/a **SEWING COLLECTION,** ) | |
| ) | |
| Defendants. ) | |

## **OPINION**

Matthew and Melissa Krakowiecki ("plaintiffs") commenced this action seeking redress for personal injuries resulting from a motor vehicle accident. Presently before the court is defendants' motion to dismiss pursuant to Rule 12(b)(7) and Rule 19 for failure to join an indispensable party. For the reasons set forth below, the motion will be denied.

Plaintiffs aver that they were traveling on Interstate 70 when congestion from upcoming highway construction caused them to come to a complete stop. Defendant Charles Walker was operating a tractor trailer for defendant Sewing Collection, Inc., and traveling in the same direction as plaintiffs on Interstate 70. Defendant Walker assertedly approached the stopped traffic with a clear and unobstructed view and failed to bring the tractor trailer to a halt; instead, he continued to drive directly at the stopped vehicles at a high rate of speed (in excess of 60 miles per hour). Plaintiff Matthew Krakoweicki observed the approaching tractor trailer in the rear-view mirror and then attempted to maneuver into the righthand lane, but was unable to do so. The tractor trailer violently struck plaintiffs' vehicle from behind. The collision resulted in plaintiffs suffering severe injuries and damages.

Defendants maintain other drivers and/or insurance companies have brought claims against them based on the same accident. Specifically, they report that claims have been asserted by New Jersey Manufacturers Insurance Company on behalf of plaintiffs and by UPS, Penske, Enterprise Holdings, and Liberty Mutual Insurance on behalf of William L. Robertson. They further identify a wrongful death action commenced by Sheila A. Albright, as administratrix of the Estates of Dillion Wayne Walton. Supplemental submissions have further highlighted the action by plaintiffs' insurer, NJM Insurance, as subrogee of plaintiffs, which seeks past and future medical expenses for plaintiffs' medical care due to the injuries from the accident.

Defendants assert that the available funds to satisfy the complainants and claimants are limited and adjudicating the matter without all such stakeholders will impair or impede or otherwise prejudice the ability of these absent parties to protect their interests; and proceeding without them risks multiple inconsistent obligations for the defendants. Motion to Dismiss (Doc. No. 10) at ¶ 10. Further, "[t]o the extent the joinder of the other known parties may not be feasible, a judgment rendered in their absence would be prejudicial to the Defendants who have multiple exposures but limited funds to satisfy same." Id. at ¶ 18. On the other hand, plaintiffs will have an adequate remedy available in state court (through joinder in the Albright action) if the instant action is dismissed. Id. at ¶¶ 11, 19.

Plaintiffs maintain that defendants' argument that "adjudicating the matter without all complainants and claimants will impair or impede and/or prejudice the ability of the absent parties to protect their interests and risks multiple inconsistent obligations for the Defendants" is flawed on multiple levels. Plaintiff's Brief in Opposition (Doc. No. 18) at 1. Among other shortcomings, plaintiffs assert defendants' failure to maintain adequate insurance to protect themselves from catastrophic events is not a proper consideration under Rule 19. From plaintiffs' perspective, the other claimants assertedly are not required parties under Rule 19(a)

because complete relief can be granted to the parties currently before the court and the other claimants will not have their ability to establish liability against defendants impaired in any legally consequential manner, which renders further analysis under Rule 19(b) unnecessary. Further, the mere identification of the claimants' potential financial interest in the insurance coverage available to defendants assertedly falls short of a legal interest that might be impaired and thus make the absent claimants "required" parties under Rule 19(b). And defendants cannot point to any potential scenario where they will incur inconsistent obligations or have a duty to satisfy the same liability on multiple occasions.

In reply, defendants make clear that the central tenant of their motion is the need to have all victims from the accident in a single action so defendants can protect the ability to satisfy any obligation to each of the victims out of the limited amount of insurance available to defendants. Reply Brief (Doc. No. 24) at 3 ("The claims of Plaintiffs and the nonparties all relate to the same theory of recovery, i.e. the alleged negligence of the Defendants, and assert rights to the same assets. To the extent there are orders to pay plaintiffs in different venues risks the possibility of an inability to meet the obligations to one or more claimants."). In addition, in light of plaintiffs' acknowledgement that NJM's claims for medical expenses are part of plaintiffs' claims seeking a full recovery for their losses, defendants "no longer believe NJM is a required party." Id. at 4. Nevertheless, defendants argue that the requirements of Rule 19 have been satisfied and all of the other claimants should be joined or the case be dismissed so plaintiffs can join with the other claimants in an alternative forum.

Rule 19(a) concerns whether an absent person or party should be joined to existing litigation. Its structure reflects the analytical sequence a court should follow in a Rule 19 analysis. Field v. Volkswagenwerk AG, 626 F.2d 293, 299 (3d Cir. 1980). In undertaking the analysis, a court should first determine if an absent person or party falls within either the Rule

19(a)(1)(A) or Rule 19(a)(1)(B) categories. Provident Tradesmens Bank & Tr. Co. v. Patterson, 390 U.S. 102, 108, 88 S. Ct. 733, 737 (1968). If the answer is yes, then they should be joined if feasible. Field, 626 F.2d at 300.

Rule 19(a) first directs a court to determine if an absent person or party claims an interest relating to the subject of the action. If the answer is no, then a court should consider if that person claims an interest relating to the subject of the action and is so situated that (i) disposition of the action in that party's absence may impede his or her ability to protect that interest, or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligation(s) of his claimed interest. Field, 626 F.2d at 300. If either scenario could occur, then a party should be joined if feasible. Id.

Notwithstanding that a third-party should be joined under Rule 19(a), certain obstacles may impede the absent person or party from being joined. For instance, the person or party may not be subject to service of process, may deprive the court of subject matter jurisdiction if joined, or may "have a valid objection to the court's venue." Field, 626 F.2d at 300. Therefore, if the absent person should be joined but at the same time a court cannot make the absent person a party to a litigation, then a court is required to conduct an inquiry pursuant to Rule 19(b) to determine whether the action should proceed. Id. A court must dismiss the case if under Rule 19(b)'s equity and good conscience test the absent party is indispensable to the litigation. Provident, 390 U.S at 109.

Rule 19(b) "suggests" a court should consider four factors in determining whether a case should be dismissed. Provident, 390 U.S at 109. First, the plaintiff has an interest in the chosen forum. Prior to trial, the availability of an alternative forum has a bearing on the strength of this interest. Id. Second, consideration should be given to any legitimate interest a defendant may have in avoiding multiple litigation, or inconsistent relief, or shouldering sole responsibility for

4

liability the defendant may share with the absent party. Id. at 110. Third, "there is the interest of the outsider whom it would have been desirable to join." Id. Finally, the interest of the public and of the courts in providing complete, consistent, and efficient settlement of controversies is brought into play. Id. at 111. "Rule 19(b) also directs a district court to consider the possibility of shaping relief to accommodate these four interests." Id.

Defendants' contention that the identified third-parties who assertedly are victims from the accident are necessary parties under Rule 19(a)(1) is misplaced. Defendants' potential "multiple" exposures generated by these claims and/or their potential inability to satisfy all of the resulting liability through the available insurance fails to raise concerns within the scope of Rule 19(a)(1). At the initial step in a Rule 19(a) analysis, the question of whether complete relief can be granted focuses on the parties already in the litigation. See Field, 626 F.2d at 301 ("Complete relief under Rule 19(a)(1) 'refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought, and mere theoretical considerations of disposing of the whole controversy should not be employed' to dismiss an action 'where it appears unlikely that absent persons could be adversely affected.'"); accord General Refractories Co. v. First State Ins. Co., 500 F.3d 306, 313 (3d Cir. 2007) ("As should be apparent, we necessarily limit our Rule 19(a)(1) inquiry to whether the district court can grant complete relief to persons already named as parties to the action; what effect a decision may have on absent parties is immaterial.") (citing Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir. 1996) ("Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought.") and Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 405 (3d Cir. 1993) (same)).

Here, plaintiffs seek to establish their entitlement to damages from defendants based upon the motor vehicle collision. Plaintiffs' claims are not dependent on or contingent upon any

5

aspect of the other claimants' conduct. Indeed, plaintiffs' complaint does not identity any such claimants as part of the claims alleged here; nor do they make any averment of fact based on the conduct of such claimants. Theirs is a straightforward claim of negligence against the defendants based on Walker's asserted negligent driving. As such, the other claimants are beyond the inquiry undertaken pursuant to Rule 19(a)(1)(A).

Furthermore, defendants have failed to demonstrate that any of the absent claimants/other litigants have the potential to shoulder some or all of the potential liability that plaintiffs seek to establish against defendants. To the contrary, all defendants have identified is that the other claimants are seeking to establish liability against defendants based on the same course of conduct asserted by plaintiffs and these other claimants might be successful in obtaining separate, individualized judgments for personal damages resulting from that negligent conduct. The potential that such liability might eventually be established in multiple forums does not impact plaintiffs' ability to establish liability in this court; nor does it impede defendants' ability to defend against plaintiffs' claims in this court. As a result, defendants have failed to identify a scenario within the ambit of Rule 19(a)(1). Cf. Field, 626 F.2d at 302) ("If the right of either Michael Field or Arthur Field's estate to relief against VWAG were established, these parties would be awarded a judgment; if their claims are not sustained, their complaint would be dismissed. In either event, the district court will be able to grant complete relief as between the parties without the joinder of Ivana, and, as we have shown above, it is unnecessary to join Ivana as a party in order to enable VWAG to defend against these claims."). In other words, there is nothing about the claims of these other asserted victims that impairs or impedes the ability to adjudicate the claims or defenses of the named parties. Cf., id., (third-party claimant's inability to remain in a lawsuit seeking to establish liability from the same tortuous act where claims would create entitlement to separate judgments for damages did not run afoul of the strictures of Rule

6

19(a)(1) notwithstanding that the defendant potentially could experience inconsistent success in fully litigating the claims arising out its tortuous conduct).

This principle has become settled law.  See, e.g., In re Paulsboro Derailment Cases, 2014 WL 1214037, *3 (D. N.J. March 24, 2014) (rejecting contention that multiple tort claimant victims were required parties under Rule 19(a)(1) under the settled principle that "[w]hen several tort actions instituted by different persons arise out of the same incident, the complaining parties need not be joined in the suits brought by the others.") (quoting Wright, Miller & Kane, 7 FEDERAL PRACTICE AND PROCEDURE § 1623 (3d ed. 2009); accord Harris v. Illinois–California Express, Inc., 687 F.2d 1362, 1366–67 (10th Cir.1982) (intervening plaintiff was not required party under Rule 19(a), notwithstanding that she suffered an injury in the same vehicle collision as the plaintiff).  And its application here places the other claimants beyond the scope of Rule 19(a)(1) because complete relief can be accorded to the parties in this litigation.

Defendants likewise have failed to identify a basis for required joinder under Rule 19(a)(1)(B).  They contend that "all of the nonparties have an interest in the specific funds available" and the limits of the insurance available makes the claimants "indispensable parties."  But the depletion of available insurance as to any one of the asserted victims of Walker's negligence is not enough to place any such absent party within Rule 19(a)(1)(B)(i).  To qualify as a required party under Rule 19(a)(1)(B)(i), the claimants must have an interest that "relates to the subject of the action" and be "so situated that disposing of the action" will as "a practical matter impair or impede [their] ability to protect the interest."  Rule 19(a)(1)(B)(i).  Defendants have failed to establish that the other claimants possess such an interest.

"Under [Rule 19(a)(1)(B)(i)], a party is only necessary if it has a legally protected interest, and not merely a financial interest, in the action."  Liberty Mutual Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 230 (3d Cir. 2005) (quoting Spring–Ford Area School District v. Genesis Ins.

Co., 158 F. Supp.2d 476, 483 (E.D. Pa. 2001) (citations omitted) and citing Special Jet Services, Inc. v. Federal Ins. Co., 83 F.R.D. 596, 599 (W.D. Pa. 1979) ("The 'interest' relating to the subject matter of the action that makes an absent party a party needed for just adjudication must be a legally protected interest, not merely a financial interest or interest of convenience.") (quoting 3A, MOORE'S FEDERAL PRACTICE ¶ 19.07–1(2)); accord State Farm Fire and Casualty Co. v. Macchia, 2022 WL 1720132, *4 n.4 (D. N.J. May 27, 2022) (same) (collecting cases). In this regard, it repeatedly has been recognized that an underlying tort claimant's unperfected ability to recover from a tortfeasor's insurance policy is not a legally protected interest in the availability of the policy proceeds, but instead is only a contingent financial interest. See, e.g., State Farm Fire and Casualty Co., 2022 WL 1720132 at *4 n.4 ("Here, Movant has no legally protectable interest in the policy because she has only a contingent financial interest.") (citing Nat'l Cas. Co. v. Young, 2008 WL 4414719, at *2 (E.D. Pa. Sept. 23, 2008) (The plaintiff in underlying state action was not a "necessary" party to a separate declaratory judgment action by insurance company against the insured where the plaintiff had no legal relationship to the policy at issue and her interest was limited to her desire to recover under the policy were she to prevail in the underlying action.); White Pine Ins. Co. v. Bala Inn, Inc., 2018 WL 1141356, *9 (E.D. Pa., March 2, 2018) (underlying tort claimant's unperfected financial interest in potential proceeds from insurance policy did not create a legal interest in a declaratory judgment action between the tortfeasor and the carrier seeking to define the scope of coverage for the underlying occurrence).

  Here, defendants have identified only the other claimants' unperfected interest in a recovery from defendants' insurance should the claimants perfect their claims to enforceable judgments. It follows *a fortiori* that if a financial interest in potentially collecting from the proceeds of a policy is insufficient to make a tort victim a necessary party to a declaratory judgment action seeking to determine the availability of coverage, the bare financial interest an

8

underlying tort victim has in recovering from available insurance is insufficient to create a legal interest in another victim/claimant's personal injury action against the common tortfeasor. Consequently, defendants have failed to identify a basis for joinder under Rule 19(a)(1)(B)(i).

Defendants likewise have failed to identify a basis for joinder of the other claimants under Rule 19(a)(1)(B)(ii). Defendants' contention that they will be prejudiced by the absence of the other claimants because proceeding without them creates a risk of double, multiple or otherwise inconsistent obligations is without merit. The "multiple liability" clause in Rule 19 is intended to protect parties from situations where compliance with one court order might compel them to breach the terms of another inconsistent order. See e.g. Micheel v. Haralson, 586 F. Supp. 169, 171 (E.D. Pa. 1983) (distinguishing between inconsistent adjudications and obligations and noting that Rule 19(a)(1)(B)(ii) "protects against inconsistent obligations, not inconsistent adjudications; under the Rule a person is protected against situations in which there would be two court orders and compliance with one might breach the other."). The fact that logically or practically inconsistent judgments for money damages might arise is not enough. See Schulman v. J.P. Morgan, 35 F.3d 799, 806 (3d Cir. 1994) ("Though it would be logically inconsistent for [the defendant] to succeed in this federal action on its defense that no lease existed with respect to the tortious interference claim, and the [absentee] landlord to lose in the state court action because the state court decided the parties' actions and oral communications brought a lease into existence, logical inconsistency does not make an absent party indispensable."); Field, 626 F.2d at 301-02 ("The possibility of a subsequent adjudication that may result in a judgment that is inconsistent as a matter of logic [does not] trigger the application of Rule 19."); 7 MOORE'S FEDERAL PRACTICE, § 19.03[4][d] (3rd ed. 2003) (the "multiple liability" clause is not generally intended to protect parties from differing outcomes in serial litigation for damages or other remedial relief; "Put simply, having to write a check to one

claimant and not to another is not the sort of inconsistent obligation the clause [in Rule19(a)(1)(B)(ii)] addresses.").

Here, defendants' have identified only the peril of having insufficient insurance to satisfy all the potential liability that could arise from Walker's alleged course of negligent conduct. Such liability is predicated on an anticipated series of judgments that ultimately would fall within the scope of the available coverage and eventually exceed its limits. Complying with any one judgment in the expected series of judgments necessarily will fall short of placing an obligation on defendants that will cause them to breach another judgment in the event it performs the same. It follows that defendants have failed to demonstrate a substantial risk of incurring inconsistent obligations within the scope of Rule 19(a)(1)(B)(ii).

"[A] holding that joinder is compulsory under Rule 19(a) is a necessary predicate to a district court's discretionary determination under Rule 19(b) that the case must be dismissed because joinder of the party is not feasible and the party is indispensable to the just resolution of the controversy." Janney Montgomery Scott, Inc., 11 F.3d 404; accord Koppers Co., Inc., v. Aetna Cas. And Sur. Co., 158 F.3d 170, 176 (3d Cir. 1998) (where a party is not a necessary party under Rule 19(a), the party cannot be an indispensable one under Rule 19(b) and it was error for the district court to reach that determination where one of the prerequisites in Rule 19(a) was not present); Pittsburgh Logistics Systems, Inc. v. C.R. England, Inc., 669 F. Supp.2d 613, 617 (W.D. Pa. 2009) ("If a party is not found to be necessary, the court's analysis stops at that point because a party cannot be 'indispensable if it is not 'necessary.'").

Here, defendants have not established that any of the other claimants is a "required" (i.e., necessary) party to this lawsuit. As a result, none of the other claimants can be an indispensable party and the court's analysis under Rule 19 comes to an end.

For the reasons set forth above, defendants have not carried their burden of demonstrating that dismissal or some other form of relief is warranted under Rule 19. Accordingly, defendants' motion to dismiss under Rule 12(b)(7) and Rule 19 will be denied. An appropriate order will follow.

Date: February 1, 2023

                                                        s/David Stewart Cercone
                                                        David Stewart Cercone
                                                        Senior United States District Judge

cc:      Gary P. Hunt, Esquire
           Jennings L. Hart, III, Esquire

           (*Via CM/ECF Electronic Mail*)